IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>ARLANDO HARVELL,  )<br>    Defendant.  ) | Case No. 17-cr-30054 |

## OPINION

**COLLEEN R. LAWLESS, U.S. District Judge:**

Before the Court is Defendant Arlando Harvell's *pro se* Motion for Early Termination of Probation. (Doc. 65). On September 29, 2022, Harvell pled guilty to possession of a firearm by a felon. On January 24, 2024, he was sentenced to a three-year term of probation and 30 hours of community service. On May 15, 2025, Harvell filed his Motion for Early Termination of Probation. (Doc. 65). On May 30, 2025, the Government filed its response, objecting to the early termination of probation. (Doc. 66).

I.   **DISCUSSION**

Under 18 U.S.C. § 3564(c), the Court may terminate a defendant's probation for a felony offense after the defendant has served at least one year if, "after considering the factors set forth in section 3553(a) to the extent they are applicable" it finds that early termination is "warranted by the conduct of the defendant and in the interest of justice." 18 U.S.C. § 3564(c). Section 3553 factors that the court shall consider are:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

2. The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct;
3. The need for the sentence imposed to protect the public from further crimes of the defendant;
4. The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
5. The applicable sentencing range;
6. Any pertinent policy statement;
7. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
8. The need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553. The Court possesses wide discretion in making this determination. See United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006) (considering similar standard under 18 U.S.C. § 3583(e)(1), applicable to supervised release). However, courts have held that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision. United States v. Taylor, 729 Fed. App'x 474, 475 (7th Cir. 2018), citing 18 U.S.C. § 3553(e). Instead, courts have generally granted early termination only in cases involving new or unforeseen circumstances, or where the defendant's behavior has been exceptionally good. See, e.g., United States v. Branscumb, 2019 WL 6501208, at *3 (C.D. Ill. Nov. 12, 2019); United States v. O'Hara, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011); United States v. Jemison, 2021 WL 71957, at *3 (C.D. Ill. Jan. 8, 2021).

Harvell meets two of the three factors which allows the Court to exercise its discretion to terminate probation early because he has served at least one year of supervision, and the government was given notice and an opportunity to be heard. 18

U.S.C. § 3564(c); Fed. R. Crim. Pro. 32.1(c)(2)(c). Therefore, the issue is whether termination would be in the interests of justice.

The Court has considered the pertinent § 3553(a) factors and conduct of the Defendant while on probation. During the commission of the offense, Harvell sold an ATF confidential source a half-ounce of MDMA and a .22 caliber firearm at a time when he was prohibited from possessing firearms due to his status as a felon. He also told the confidential source that he had more drugs and firearms for sale. Although the Court concluded that he could be justly punished without imprisonment, terminating supervised release would depreciate the seriousness of this offense.

Although Harvell has not had significant issues while on probation, he submitted a random urine sample that tested positive for norfentanyl on July 18, 2024. He denied illegal drug use and submitted a list of his medications, but the toxicology lab advised probation that none of his medications would have caused a positive for norfentanyl. Although his progress is commendable, early termination at this point would not protect the public, deter future law violations, or provide for Harvell's rehabilitative needs.

As such, the early termination of Harvell's probation is not in the interest of justice, in accordance with the requirements of 18 U.S.C. § 3564(c). Accordingly, the Court DENIES Harvell's *pro se* Motion for Early Termination of Probation. (Doc. 65).

ENTER: June 20, 2025

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE